UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:11-CV-251 (CEJ) ) |
| AURA CONTRACTING, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Aura Contracting, LLC, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are three employee benefit plans (the Pension, Welfare, and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42, 53 and 110 of the Laborers International Union of North America (the Union). Defendant Aura Contracting, LLC, is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Plaintiffs allege that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement. In their motion, plaintiffs seek $3,775.21 in delinquent contributions, $8,973.26 in liquidated damages, and $216.44 in interest. Plaintiffs additionally seek $429.00 in attorney's fees and $414.45 in court costs.

The summons and a copy of the complaint were served on defendant on February 9, 2011. Defendant did not file an answer or other responsive pleading and, on March 23, 2011, the Clerk of Court entered default against defendant.

Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On August 1, 2008, defendant entered into an agreement to be bound by the terms of a collective bargaining agreement between the Site Improvement Association and the Union (the Site Agreement), through March 1, 2009. [Doc. #8-4]. On August 1, 2009, defendant entered into the successor agreement that remains in effect through March 1, 2014. The collective bargaining agreement requires defendant to make contributions to the funds for each hour worked by employees covered by the agreement. Id. §§ 5.03 - 5.06. Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contribution, interest, court costs, and attorney's fees. Id. §§ 5.10 - 5.11.

Plaintiffs submit the affidavit of Bernard Difani, the Administrative Manager of the Welfare and Pension Funds. Mr. Difani states that defendant remitted its contribution report in October 2009 without paying the contributions. Mr. Difani further states that defendant made untimely contributions for the months of May and November, 2009; January, April, May, July through September, and November, 2010. A discrepancy report attached to Mr. Difani's affidavit sets forth the amounts due to the funds for these months. Included in the discrepancy reports are amounts owing

to the Vacation trust and the Site Advancement Fund, which are not parties to the case. The amounts requested for these two funds will be disallowed. Plaintiffs' evidence establishes that defendant Aura Contracting, LLC, is liable to them for $3,424.31 in unpaid contributions, $8,105.58 in liquidated damages, and $195.91 in interest, for a total of $11,725.80.

Plaintiffs also submit the affidavit of attorney Janine Martin. Ms. Martin attests that her firm's standard hourly billing rate for her services is $165.00. Ms. Martin states that she performed 2.6 hours of work in connection with this case, for a fee award of $429.00. The firm paid $350.00 for the filing fee and $64.50 for service of process. The Court finds that the requested attorney's fees and costs are reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #7] is **granted**. A separate judgment in accordance with this Memorandum and Order will be entered this same date.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order and the accompanying judgment to the defendant at the following address:

> Aura Contracting, LLC
> 1001 Craig Road, Suite 170
> St. Louis, Missouri 63146

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2011.